<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COURTNEY GREEN,<br><br>        Plaintiff,<br><br>        v.<br><br>IZOD CORPORATE OFFICE &<br>HEADQUARTERS and PRENTICE-HALL<br>CORPORATION SYSTEM, INC.,<br><br>        Defendants. | Civ. A. No. 3:22-cv-6380 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

<u>CASTNER, District Judge</u>

**THIS MATTER** comes before the Court upon the Application to Proceed *in forma pauperis*, filed by Plaintiff Courtney Green ("Plaintiff") on October 31, 2022, which prompted a *sua sponte* screening of Plaintiff's Amended Complaint (*see* ECF No. 3), pursuant to 28 U.S.C. § 1915(e)(2). (*See* Appl., ECF No. 1-2.) For the reasons stated herein, Plaintiff's Application to Proceed *in forma pauperis* is granted, and Plaintiff's Amended Complaint against Defendants Izod Corporate Office & Headquarters ("Izod") and Prentice-Hall Corporation System, Inc. ("Prentice-Hall") (collectively, "Defendants") is dismissed in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

**I.      BACKGROUND**

Plaintiff filed her initial Complaint and Application to proceed *in forma pauperis* on October 31, 2022. (*See generally* Compl., ECF No. 1.) She filed her Amended Complaint shortly thereafter, on November 2, 2022. (*See* Am. Compl., ECF No. 3.) Plaintiff summarizes that

"[t]hrough an electronic breach during the fall of October 2020 the defendant Izod Corporate office & HQ exploited clothing designs for material gain, participated in unfair business practices which in turn aided in the act of racketeering." (*Id.* at 4.) Plaintiff alleges that she had numerous virtual interactions with Izod's representatives, during which time she provided details about her original clothing design. (*See* Am. Compl., Statement of Facts ("SF") 3, ECF No. 3-1.) The Court construes Plaintiff's Amended Complaint as claiming that Defendants stole her design idea by surveilling these virtual interactions, and then Defendants manufactured, reproduced, and profited from its manufacture and sale of Plaintiff's designs. (*See id.* at 4.)

Plaintiff asserts, in accordance with Rule 8(a)(1), the existence of both federal question jurisdiction, under 28 U.S.C. § 1331, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (*See* Am. Compl. 3, ECF No. 3.) For purposes of federal question jurisdiction, Plaintiff alleges violations of the Electronic Communications Privacy Act, a cause of action for common law unfair business practices, and racketeering.[1] (*See id.*) To establish diversity jurisdiction, Plaintiff asserts that she is a citizen of Missouri (*see id.*), and that Izod is a citizen of New Jersey (*see id.* at 4). Plaintiff asserts that Prentice-Hall's address is in Salt Lake City, Utah. (*See id.* at 2.)

To meet the requirements under Rule 8(a), Plaintiff attaches to her Amended Complaint a Statement of Facts, in which she alleges that an unknown entity monitored her use of a public computer at the Midwest Genealogy Center in Missouri. (*See* Am. Compl., SF 4.) Plaintiff claims that Izod's clothing design for a particular item derives directly from hers. (*See id.* at 3-4.)

---

[1] Plaintiff's original Complaint included a count for racketeering specifically. Plaintiff's Amended Complaint does not identify racketeering; however, because Plaintiff appears *pro se*, and because she continues to assert that Defendants engaged in some form of racketeering, the Court construes Plaintiff's Amended Complaint as maintaining the cause of action for conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.

## II.   LEGAL STANDARD

### A.   Application to Proceed *in Forma Pauperis*

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See id.* § (a)(1); *see also Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). A plaintiff bringing an action *in forma pauperis* must submit an affidavit "that includes a statement of all assets such [person] possesses." 28 U.S.C. § 1915(a)(1). A plaintiff must also submit an affidavit providing "the nature of the action, defense or appeal and the affiant's belief that [she] is entitled to redress." *Id.* Traditionally intended to facilitate assistance in vindicating the rights of indigent prisoners, the statute has since been extended to indigent litigants who are not imprisoned. *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) (collecting cases) (explaining that the provisions of § 1915 have been applied to the pleadings and applications to proceed *in forma pauperis* filed by non-prisoners).

Under section 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune. *See id.* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122

(3d Cir. 2012).

**B.      Failure to State a Claim under Rule 12(b)(6)**

To survive dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).   "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When considering a Rule 12(b)(6) motion, the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the well-pleaded facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211.

A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

III.    **DISCUSSION**

    A.      **Petition to Proceed *in Forma Pauperis***

    The Court finds Plaintiff's Application to Proceed *in forma pauperis* (the "Application") sufficient to meet the requirements of 28 U.S.C. § 1915(a).   Plaintiff's Application provides information about her income, expenses, and assets.  (*See generally* Appl., ECF No. 1-1.)  Plaintiff states that her expenses very nearly outpace her monthly income.  (*Id.* at 2, 5.)  Apart from one checking account containing $354.00, Plaintiff has no personal assets.  (*Id.* at 3.)   Considering these circumstances, the Court grants Plaintiff's Application to Proceed *in forma pauperis*.

    B.      ***Sua Sponte* Screening of Complaint**

    Upon review of the Amended Complaint, the Court recognizes deficiencies that warrant dismissal of the amended pleading.  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Specifically, Plaintiff has failed to state a claim upon which relief can be granted for any of her claims in accordance with Rule 8(a).  The Court, therefore, must dismiss all of Plaintiff's asserted causes of action pursuant to Rule 12(b)(6), as directed by 28 U.S.C. § 1915(e)(2)(B)(ii).

    1.      **The Electronic Communications Privacy Act**

    A plaintiff bringing a claim under the "Wiretap Act," "formally known as the 1968 Omnibus Crime Control and Safe Streets Act," and superseded by the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510, *et seq.*, must establish that the defendant "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept (3) the contents of (4) an electronic communication, (5) using a device." *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016).

Plaintiff does not submit factual allegations to establish that Prentice-Hall or Izod intercepted any of Plaintiff's electronic communications, or allegations to show that Defendants did so with intention. Therefore, Plaintiff's statement of facts is insufficient to support a plausible legal theory of liability for violations of the Wiretap Act. *See Gelman*, 583 F.3d at 190 (noting that the "mere possibility of misconduct" does not show that the "pleader is entitled to relief" under Rule 8(a)(2)).

### 2.   Racketeering

The Racketeer Influenced and Corrupt Organizations ("RICO") Act generally prohibits a person from deriving income from racketeering activity or "through collection of an unlawful debt." 18 U.S.C. § 1962(a). The RICO Act further prohibits,

> any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

*Id.* § (c). The statute makes it "unlawful to conspire to violate [§ 1962(c)]." *See id.* § (d); *see also Smith v. Berg*, 247 F.3d 532, 536 (3d Cir. 2001). Additionally, "[s]ection 1964(c) authorizes a private suit by '[a]ny person injured in his business or property by reason of a violation of § 1962.'" *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985) (quoting 18 U.S.C. 1962(d)). "[Plaintiff] only has standing if, and can only recover to the extent that, [she] has been injured in [her] business or property by the conduct constituting the violation." *Id.* at 496.

A "racketeering activity," the basis for the predicate act, means "any act or threat involving," *e.g.*, 18 U.S.C. §§ 1341, 1343 (mail and wire fraud); and 18 U.S.C. § 1831 (economic espionage). 18 U.S.C. 1961(a). "It is well settled that all claims sounding in fraud, including RICO claims, must be alleged with particularity." *Cevdet Aksüt Oğullari Koll. Sti v. Cavusoglu*,

6

245 F. Supp. 3d 650, 658 (D.N.J. 2017) (citing Rule 9(b)). "A 'pattern' of racketeering activity requires at least two predicate acts of racketeering." *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 508 (D.N.J. 2000) (citing 18 U.S.C. § 1961(5) & *Sedima, S.P.R.L.*, 473 U.S. at 496 n.14).

In order to survive a motion to dismiss a civil RICO claim, Plaintiff's Amended Complaint must plausibly allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima*, 473 U.S. at 496. "[T]o state a claim under civil RICO, [Plaintiff] is required to show that a RICO predicate offense 'not only was a "but for" cause of [her] injury but was the proximate cause as well.'" *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) (quoting *Holmes v. Secs. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992)). To state a claim for a civil conspiracy under RICO, Plaintiff must show "(1) [an] agreement to commit the predicate acts of fraud, and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate section 1962(a), (b), or (c)." *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989) (quoting *Odesser v. Cont'l Bank*, 676 F. Supp. 1035, 1312 (E.D. Pa. 1987)). "The allegations must be sufficient 'to describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'" *Id.* (quoting *Alfaro v. E.F. Hutton & Co.*, 606 F. Supp. 1100, 1117 (E.D. Pa. 1985)). In the particular context of sustaining a RICO claim, proximate cause "should be evaluated in light of its common law foundations" and therefore "requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Hemi Grp., LLC*, 559 U.S. at 9 (quoting *Holmes*, 503 U.S. at 271). "A link that is too remote, purely contingent, or indirect is insufficient." *Id.* (quoting *id.*).

Plaintiff has failed to include allegations in support of her RICO or RICO conspiracy claim that any person or entity engaged in racketeering behavior. Plaintiff's statements about a cyber breach do not detail any facts about the details of Defendants' alleged wrongdoing, either as a

predicate act, or act in furtherance of the conspiracy.   Finally, Plaintiff includes no factual background establishing that Defendants profited from her, either directly or indirectly.   Plaintiff, therefore, has failed to allege adequate facts to state a plausible civil RICO claim against Defendants.

### 3.      Unfair Business Practices

Plaintiff also includes a claim for unfair business practices but alleges no specific facts in support of her claim.   New Jersey's "law of unfair competition 'is an amorphous area of jurisprudence.   It knows of no clear boundaries . . . The concept is flexible and elastic as the evolving standards of commercial morality demand.'" *Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, No. 09-3125, 2011 WL 773034, at *8 (D.N.J. Feb. 28, 2011) (quoting *Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802, 815 (D.N.J. 2000)).   Essentially, unfair competition "consists of the misappropriation of one's property by another—property which has some sort of commercial or pecuniary value." *N.J. Optometric Ass'n v. Hillman-Kohan Eyeglasses, Inc.*, 365 A.2d 956, 965 (N.J. Super. Ct. Ch. Div. 1976) (citation omitted).   Critically, "[a] prima facie case of unfair competition, like tortious interference and employee piracy, requires evidence of bad faith or malicious conduct." *Samsung Am. Inc. v. Park*, 2006 WL 3627072, at *17 (N.J. Super. Ct. Ch. Div. Dec. 11, 2006) (citing *Nat'l Football League Props., Inc. v. N.J. Giants, Inc.*, 637 F. Supp. 507, 518 (D.N.J. 1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (quoting *Phillips*, 515 F.3d at 234-35).   In other words, a complaint must "do more than allege the plaintiff's entitlement to relief." *Id.*   Plaintiff has not stated allegations of bad faith, nor has she stated factual

allegations to establish how her original design was misappropriated by Defendants. Plaintiff has failed to meet the plausible pleading standard in asserting her claims.

## IV.   CONCLUSION & ORDER

Though Plaintiff's Amended Complaint is not required to contain "detailed factual allegations, [her] obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (internal citations and quotation marks omitted). Accordingly, the Court must dismiss Plaintiff's Amended Complaint (*see* ECF No. 3) in compliance with 28 U.S.C. § 1915(e)(2)(B)(ii). For the foregoing reasons, and good cause shown,

**IT IS** on this _18th_ day of April, 2023

**ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* (*see* ECF No. 1-1) is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (*see* ECF No. 3) will be **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff will be permitted thirty (30) days from the entry of this Memorandum Order to further amend her Amended Complaint to the extent that she can cure the deficiencies therein; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum Order upon Plaintiff by regular United States mail.

**IT IS SO ORDERED.**

GEORGETTE CASTNER
**United States District Judge**