**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>IZOD CORPORATE OFFICE & HEAD-QUARTERS and PRENTICE-HALL CORPORATION SYSTEM, INC.,<br><br>    Defendants. | Civil Action No. 22-06380 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon its review of *pro se* Plaintiff Courtney Green's Second Amended Complaint (SAC). (ECF No. 11.) For the reasons stated herein, and other good cause shown, the SAC is dismissed without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) as well as for violating Rule 11(a).

## I.    BACKGROUND

Plaintiff filed the initial Complaint and Application to proceed *in forma pauperis* on October 31, 2022. (ECF No. 1.) Plaintiff filed the Amended Complaint on November 2, 2022. (ECF No. 3.) The Court granted Plaintiff *in forma pauperis* status and dismissed the Amended Complaint without prejudice on April 18, 2023. (ECF No. 10.) On April 28, 2023, just ten days later, Plaintiff filed the SAC. (ECF No. 11.) Because the allegations and claims in the SAC are substantially similar to those in the Amended Complaint, the Court incorporates its prior decision.

Once again, Plaintiff alleges that "[t]hrough an electronic breach during the fall of October 2020 the defendant Izod . . . exploited clothing designs for material gain, participated in unfair business practices which in turn aided in the act of racketeering." (*Id.* at 4.) Phrased differently, Plaintiff's assertion is that his clothing design ideas were stolen by Defendants through virtual surveillance of Plaintiff's online browsing activity, and then Defendants profited from the sale of the designs.[1] (ECF No. 11-1 at 1-6.) Plaintiff once again asserts claims under the Electronic Communications Privacy Act, Racketeer Influenced and Corrupt Organizations Act, and for unfair business practices. (ECF No. 11 at 3.)

In addition to what was alleged previously, Plaintiff has now included about forty pages titled "Questionable Arguments." (ECF No. 11-1 at 6-47.) Plaintiff appears to cite to a series of lawsuits he has filed around the country where he has asserted similar claims as those in this case against different entities related to alleged electronic monitoring. (*Id.*) In one case, for example, filed in the United States District Court for the Southern District of New York, Plaintiff alleged that the television network NBC had used multiple television shows to surveil him and to collect his personal information. *See Green v. NBC Universal Media LLC*, Civ. No. 22-0239, 2022 WL 1003904, at *1 (S.D.N.Y. Apr. 4, 2022). There, the district court dismissed Plaintiff's claims as frivolous, finding that Plaintiff's assertions were "largely irrational or wholly incredible." *Id.* at *2. The court noted that Plaintiff had filed at least five lawsuits in the Southern District of New York—against ABC, Fox, CBS, and others—claiming that various television networks and shows were monitoring Plaintiff's activities and collecting his personal information through his television. *Id.* Plaintiff was warned that further frivolous litigation could result in an order barring him

---

[1]    The Court refers to Plaintiff as "he," because that is the pronoun used by Plaintiff in the SAC. (*See generally* ECF No. 11.)

from filing new actions. *Id.* at *3.  In another case that was filed in the Central District of California, Plaintiff alleged that The Walt Disney Company had exploited an electronic breach in Plaintiff's television to surveil him and to slander him.  *Green v. Walt Disney Co.*, Civ. No. 22-09271, 2023 WL 2996102, at *1 (C.D. Cal. Feb. 9, 2023).  There, the Court dismissed the complaint as frivolous, finding that it was "simply not plausible that Defendant has engaged in surveillance of Plaintiff's life and has interacted with him through his television set."  *Id.*  The dismissal was affirmed by the Ninth Circuit Court of Appeals, which concluded that the appeal was "frivolous." *Green v. Walt Disney Co.*, 2023 WL 9605071, at *1 (9th Cir. Sept. 27, 2023).

## II.    LEGAL STANDARD

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.  *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995).  Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.   DISCUSSION

Because Plaintiff has not signed the SAC, it suffers from an initial defect. (*See* ECF No. 11 at 5.) Rule 11(a) states that "[e]very pleading, written motion, and other paper must be signed by a least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Plaintiff's SAC can be stricken on this basis alone.

Even if the Court were to reach the merits of the SAC, it continues to be deficient for the same reasons the Court gave before. (*See* ECF No. 10.) Despite the Court identifying the short-comings in what Plaintiff pleaded, he has not supplemented the specific factual allegations in support of his claims. Instead, he has included about forty pages of summaries of prior suits he has filed across the country, many of which appear to have been dismissed as frivolous. (*See* ECF No. 11-1 at 6-47.)

In any event, as to the Electronic Communications Privacy Act claim, Plaintiff does not plead specific factual allegations that would plausibly establish that Prentice-Hall or Izod intercepted any of Plaintiff's electronic communications, or show that Defendants did so with intention. *See, e.g., In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) ("A plaintiff pleads a *prima facie* case under the Wiretap Act by showing that the defendant '(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to

intercept (3) the contents of (4) an electronic communication, (5) using a device.'" (citation omitted)). As to the Racketeer Influenced and Corrupt Organizations Act claim, Plaintiff has not pleaded specific factual allegations that would allow the Court to plausibly infer that Defendants engaged in a pattern of racketeering or that they in fact profited from him, either directly or indirectly. *See Grant v. United States*, Civ. No. 21-10606, 2024 WL 357899, at *6 (D.N.J. Jan. 31, 2024) ("[T]o the extent Plaintiff asserts civil RICO claims, he has failed to allege many of the elements of such a claim—particularly, the essential elements of conduct of an enterprise through a pattern of racketeering activity. He has likewise failed to plead cognizable RICO losses— civil RICO may only be used to recover 'concrete financial loss' in the form of an injury to property or business; personal injury or emotional harm are not proper bases for a RICO claim. (citations omitted)). Finally, as to the unfair business practices claim, Plaintiff has not plausibly alleged bad faith, nor has he pleaded plausible allegations pthat his original clothing design was misappropriated by Defendants. *See Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, Civ. No. 09-3125, 2011 WL 773034, at *9 (D.N.J. Feb. 28, 2011) ("[A] prima facie case of unfair competition, like tortious interference and employee piracy, requires evidence of bad faith or malicious conduct." (quoting *Samsung Am. Inc. v. Park*, 2006 WL 3627072, at *17 (N.J. Super. Ct. Ch. Div. Dec. 11, 2006))).

## IV.   <u>CONCLUSION & ORDER</u>

For the reasons stated above, and other good cause shown,

**IT IS** on this 28th day of March, 2024,

**ORDERED** that Plaintiff's Second Amended Complaint (ECF No. 11) is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Plaintiff has thirty (30) days from the date of this Memorandum Order to file a further amended complaint; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum Order upon Plaintiff by regular United States mail; and it is further

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case pending the timely filing of a further amended complaint by Plaintiff.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

6