**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY GREEN,<br><br>Plaintiff,<br><br>v.<br><br>IZOD CORPORATE OFFICE & HEAD-QUARTERS and PRENTICE-HALL CORPORATION SYSTEM, INC.,<br><br>Defendants. | Civil Action No. 22-06380 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

 **THIS MATTER** comes before the Court upon its review of *pro se* Plaintiff Courtney Green's Third Amended Complaint ("TAC"). (ECF No. 13.) For the reasons stated herein, and other good cause shown, the TAC is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

**I. BACKGROUND**

 Plaintiff filed the initial Complaint and Application to proceed *in forma pauperis* on October 31, 2022. (ECF No. 1.) Plaintiff then filed the Amended Complaint on November 2, 2022. (ECF No. 3.) The Court granted Plaintiff *in forma pauperis* status and dismissed the Amended Complaint without prejudice on April 18, 2023, for failure to state a claim. (ECF No. 10.)

 The Court construed Plaintiff's Amended Complaint to allege that Defendants stole Plaintiff's design ideas by surveilling Plaintiff's virtual interactions and then manufacturing, reproducing, and profiting from the manufacture and sale of Plaintiff's designs. (*Id.* at 1-2.) The Court

explained that what was pleaded by Plaintiff did not meet the elements of the claims under the Electronic Communications Privacy Act, the Racketeer Influenced and Corrupt Organizations Act, and for unfair business practices. (*Id.* at 5-9.) The Court gave Plaintiff thirty days to file a further amended complaint that addressed the pleading defects. (*Id.* at 9.)

On April 28, 2023, just ten days later, Plaintiff filed the Second Amended Complaint ("SAC"). (ECF No. 11.) The allegations and claims in the SAC were substantially similar to those in the Amended Complaint, with the notable exception that Plaintiff attached a forty-page document titled "Questionable Arguments," which cited a series of lawsuits that Plaintiff had filed across the country against various entities alleging electronic monitoring. (ECF No. 12 at 2.) Many of the suits appeared to have been dismissed as frivolous. (*Id.* at 2-3.)

On March 28, 2024, the Court dismissed the SAC without prejudice. (*Id.* at 1.) The Court noted that the SAC was unsigned and could be struck under Federal Rule of Civil Procedure ("Rule") 11(a). (*Id.* at 4.) Even if not struck, however, the Court explained that the claims asserted continued to be defective for largely the same reasons as given before. (*Id.* at 4-6.) The Court gave Plaintiff another opportunity to file a further amendment within thirty days. (*Id.* at 5.)

Twelve days later, on April 9, 2024, Plaintiff filed the Third Amended Complaint, the operative pleading. (ECF No. 13.) The TAC does not attempt to remedy the defects identified in the Court's two prior Memorandum Orders, which are now incorporated herein. (*See* ECF Nos. 10 & 12.) The TAC remains unsigned in violation of Rule 11(a), and it is dated April 28, 2023. (ECF No. 13 at 5.) Plaintiff appears to have simply refiled without any amendment the pleading the Court previously found deficient in its March 28, 2024 Memorandum Order.

Then, on April 23, 2024, Plaintiff filed a five-page "response to memorandum order" that tries to explain why forty pages of "questionable arguments" had been appended to the SAC. (ECF

No. 14.) Plaintiff says, among other things, that he wanted "to show an obvious pattern of concealed behavior and misconduct that seemingly has gone unnoticed" in the "Missouri Public libraries." (*Id.* at 2.)

## II. LEGAL STANDARD

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.  DISCUSSION

The Court will dismiss Plaintiff's duplicative Third Amended Complaint with prejudice and close this matter.[1]  For the reasons given previously, Plaintiff's TAC continues to not state a claim and its allegations are implausible.  (ECF Nos. 10 & 12.)  Plaintiff's course of conduct also evidences that he is engaged in frivolous litigation that is wasteful of limited judicial resources.  Despite the Court repeatedly identifying the shortcomings in what Plaintiff pleaded, he has not supplemented the specific factual allegations in support of his claims.  Instead, he has merely re-submitted an unsigned form pleading that the Court previously considered and dismissed.  There is no basis to provide any further opportunity, nor is one requested, for Plaintiff to file a further amended complaint.  *See McBride v. Twp. of Washington*, Civ. No. 19-17196, 2020 WL 13887544, at *7 (D.N.J. Dec. 17, 2020) ("The Court fairly assumes, especially since it appears from plaintiff's multiple filings on the docket that plaintiff is a sophisticated and well-informed pro se litigator, that if facts existed to support plaintiff's claims they would have been pleaded.  Therefore, the Court finds it would be futile to give plaintiff another opportunity to amend.").

Plaintiff's allegations in this case are part of a concerning pattern of litigation Plaintiff has pursued in different forums across the country.  These suits have been repeatedly dismissed, including by other courts in this District, on the ground that Plaintiff's assertions are frivolous.  *See, e.g.*, *Green v. Walt Disney Co.*, 2023 WL 9605071, at *1 (9th Cir. Sept. 27, 2023) (dismissing "appeal as frivolous"); *Green v. LG Elecs. USA*, 2023 WL 3915102, at *2 (3d Cir. June 9, 2023) ("Green's allegations that television personalities are monitoring him or talking about him on their

---

[1]  Because Plaintiff has again not signed the operative pleading, it suffers from this initial defect and can be stricken.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by a least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

4

shows are fanciful. Dismissal of these claims was proper under § 1915(e)(2)(B)(i)."); *see also Green v. NBC Universal Media LLC*, Civ. No. 22-0239, 2022 WL 1003904, at *1 (S.D.N.Y. Apr. 4, 2022) ("Plaintiff's assertions are largely irrational or wholly incredible, provide no facts suggesting that the television surveillance actions of which she complains are even possible, and thus are not plausible.").

Here, from what has been asserted and Plaintiff's litigation conduct, the Court concludes that Plaintiff has not only failed to plead plausible claims but the claims are also frivolous. Thus, the TAC is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

## IV.   CONCLUSION & ORDER

For the reasons stated above, and other good cause shown,

**IT IS** on this 25th day of April, 2024,

**ORDERED** that Plaintiff's Third Amended Complaint (ECF No. 13) is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum Order upon Plaintiff by regular United States mail; and it is further

**ORDERED** that the Clerk shall **CLOSE** this case.

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE